UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

FRANK MAGILL, III,
  *Defendant-Appellant.*

No. 00-4704

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-91)

Submitted: April 6, 2001

Decided: April 26, 2001

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Joseph W. Kaestner, KAESTNER, PITNEY & JONES, P.C., Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Gregg R. Nivala, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Frank Magill, III, was convicted on two counts of bankruptcy fraud, in violation of 18 U.S.C. § 152 (1994), and one count of obstruction of justice, in violation of 18 U.S.C. § 1503 (1994). He was sentenced to eighteen months of incarceration and three years of supervised release on each count, to run concurrently, and ordered to pay $3877.71 in restitution. Magill appeals his conviction for obstruction of justice.

Magill was a school teacher who did freelance paint contracting work in his spare time. In February 1998, Pamela J. Ward became romantically involved with Magill. Ward paid Magill's traffic fines and, in June 1998, Magill executed a promissory note for $3746 to repay her. On August 19, 1998, Magill signed a second promissory note for $2913 to repay Ward for additional money he borrowed from her. Between August 23 and December 12, 1998, Ward loaned Magill an additional $4227.08.

On August 13, 1998, before Magill had signed his second promissory note to Ward, he filed for bankruptcy and failed to list Ward as one of his creditors. Additionally, Magill did not list the income from his painting business in his bankruptcy filing. Ward testified she did not learn of Magill's bankruptcy filing until sometime after September 30, 1998, the date on which both notes became due, after which Ward brought suit against Magill to recover payment.

In October 1999, Magill became aware that he was the subject of a criminal investigation for fraud. In January 2000, Magill went to Ward's house and encouraged her to sign a letter to his attorney stating that he had not borrowed money from her and that she intended the money she gave him to be a gift. Ward refused, and Magill informed her that his attorney had stated he was in real trouble and there was a very real possibility he could go to jail.

On appeal, Magill challenges his conviction for obstruction of justice. The standard of review is whether, viewing the evidence in the

light most favorable to the prosecution, there is sufficient evidence to support the verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942).

Magill knew that he was being investigated for bankruptcy fraud when he approached Ward and encouraged her to sign a letter stating the money she had loaned him was a gift. When she refused to sign, he stated that if she would not sign the letter, he would likely go to jail. Further, because he had signed promissory notes, he knew the money from Ward was not a gift. Viewing this evidence in the light most favorable to the Government, it is clear that Magill asked Ward to lie so he could avoid imprisonment. This was sufficient to support his conviction for obstruction of justice. *United States v. Brooks*, 111 F.3d 365, 372 (4th Cir. 1997); *United States v. Grubb*, 11 F.3d 426, 437 (4th Cir. 1993).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*